UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ISIAH SPEARS,**<br><br>Plaintiff,<br><br>vs.<br><br>**UNKNOWN CASTELLO, et al.,**<br><br>Defendants. | **2:25-CV-12257-TGB-EAS**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DISMISSING IN PART PLAINTIFF'S COMPLAINT (ECF NO. 1)** |

This is a pro se prisoner civil rights case. Michigan state prisoner Isiah Spears is incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan. He asserts claims under 42 U.S.C. § 1983. Plaintiff also filed a motion to proceed in forma pauperis under 28 U.S.C. § 1915, which the Court has granted. ECF No. 6.

In his Complaint, Spears alleges that Defendant Castello used excessive force against him, breaking his leg. For the reasons discussed, the Court **DISMISSES** Defendants Douglas and Godfrey and **DISMISSES** Spears' claims against Castello and John Doe in their official capacities.

## I. BACKGROUND

Spears names four defendants: Corrections Officer Castello, Warden Adam Douglas, Deputy Warden Godfrey, and a John Doe

corrections officer. ECF No. 1, PageID.2–3. The events giving rise to his Complaint stem from an October 8, 2024 incident at the Saginaw Correctional Facility ("SCF"). *Id.* at PageID.7. That morning, Spears got into a physical altercation with another prisoner. *Id.* Spears states that the altercation ended after he picked up the other prisoner and slammed him to the ground. *Id.* After Spears stepped away from the other inmate, Defendant Castello tackled him from behind. *Id.* The force of the tackle pushed Spears to the floor, breaking his leg. *Id.* Spears states that the break was unmistakable—even to an untrained observer—because his leg was bent at an unnatural angle. *Id.* Even though Spears was subdued and injured, Castello and other corrections officers[1] continued to lie on top of Spears, causing additional pain. *Id.*

Spears claims that Castello used excessive force against him and that Warden Douglas and Deputy Warden Godfrey failed to properly supervise and train staff on the proper use of force. *Id.* at PageID.5. He names Defendants Castello and John Doe in their official and personal capacities. *Id.* at PageID.2–3. He names Defendants Douglas and Godfrey only in their personal capacity. *Id.* at PageID.3. Spears seeks monetary and punitive damages. *Id.* at PageID.8.

---

[1] Although Spears does not clearly state that the John Doe defendant is one of the corrections officers who added his weight to Castello's, at the screening stage, the Court presumes that is what Spears intended.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). The notice pleading standard requires more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## III. DISCUSSION

### A. Official Capacity Claims

Spears sues Defendants Castello and John Doe, both of whom are Michigan Department of Corrections ("MDOC") employees, in their personal and official capacities. *Id.* at PageID.2–3. The Eleventh Amendment bars civil rights actions against a state and its agencies and departments (including the MDOC) for monetary and non-prospective injunctive relief unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983. *Chaz Construction, LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005).

Because a claim against state employees in their official capacities is treated as a claim against the state itself, Eleventh Amendment immunity applies. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its departments," but does not preclude prospective injunctive relief. *McCormick v. Miami University*, 693 F.3d 654, 661 (6th Cir. 2012)

(quotation omitted).

Spears seeks only monetary damages. Thus, his claims against Castello and John Doe in their official capacity are barred by Eleventh Amendment immunity.

### B. Supervisory Liability

Spears' claims against Douglas, SCF's warden, and Godfrey, SCF's assistant warden, are based upon their supervisory authority. The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Dep't of Soc. Servs. Of the City of N.Y.*, 436 U.S. 658, 691–95 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A supervisor's failure to supervise, train, or control an employee is not actionable under § 1983, unless the plaintiff shows "the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982).

Spears fails to allege that Defendants Douglas and Godfrey engaged in any "active unconstitutional behavior" rather than a "'mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). He, therefore, fails to state a claim against them.

## IV. CONCLUSION

For the reasons above, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 against Adam Douglas and Godfrey. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Defendants Douglas and Godfrey from this case.

The Court further concludes that MDOC employees Castello and John Doe are entitled to Eleventh Amendment immunity with respect to Plaintiff's claims brought against them in their official capacities. Thus, those claims will be **DISMISSED WITH PREJUDICE**. However, Plaintiff's claims against Castello and Doe in their individual capacities survive initial screening and will not be dismissed at this time.

**SO ORDERED**.

Dated: October 27, 2026

s/Terrence G. Berg

HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE